IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY GRAZIER,

    Plaintiff,

vs.                                            Civil No. 05-1040 WJ/RHS

CARE HIVE, LLC, a New Mexico
Limited Liability Company, BEE HIVE
HOMES OF AMERICA, INC., an Idaho
Corporation, JAY MANNING and
DENISE ROBINSON,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS AND DISMISSING
PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss (Doc. 19). Having reviewed the submissions of the parties and being fully advised on the relevant law, I find the motion is well taken and will be granted for the reasons that follow.

**BACKGROUND**

Plaintiff filed her Complaint in this matter on September 28, 2005. In her Complaint she alleges that this Court has subject matter jurisdiction over a federal constitutional claim pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(4) (civil rights cases) and over the pendent state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff alleges that Defendant Care Hive, LLC (Care Hive) is a New Mexico limited liability company that provides assisted living for seniors in a residential setting and is a franchisee of Bee Hive Homes of America, Inc. (Bee Hive). Plaintiff further alleges that Bee Hive is an Idaho

Corporation which franchises assisted living homes for seniors. Defendant Manning is alleged to be the owner of Care Hive, and Defendant Robinson is alleged to be the manager of Care Hive.

Plaintiff is a former employee of Care Hive. She alleges that she reported concerns about how medications at Care Hive were being handled and distributed and was subsequently treated poorly in her job and then, within two weeks, terminated from her employment.

Plaintiff alleges that the State of New Mexico and the federal government have delegated to Care Hive the responsibility to provide certain health care services, including but not limited to the distribution of medication to residents, and said services are funded in part by Medicare and Medicaid and subject to a comprehensive legal framework and regulation by the State of New Mexico and federal government. Plaintiff also alleges that Care Hive and Bee Hive are state actors for the purposes of 42 U.S.C. § 1983 by virtue of the comprehensive legal framework, public funding and the delegation of public functions of government. Plaintiff alleges that her employer engaged in First Amendment retaliation by terminating her employment for speaking out on a matter of public concern.

Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction arguing that Defendants are not state actors for purposes of the Fourteenth Amendment and did not act under color of state law for purposes of 42 U.S.C. § 1983.

**DISCUSSION**

I.   WHAT IS THE PROPER LEGAL STANDARD TO BE APPLIED TO THIS MOTION?

Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction but did not cite to either Fed. R. Civ. P. 12(b)(1) or 12(b)(6) and did not recite a legal standard to be applied by the Court in ruling on the motion. Plaintiff contends that the Court must treat

Defendants' motion as one made for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and cites to Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249 (10th Cir. 2005).  While a Court may usually consider matters outside the pleadings when ruling on a motion to dismiss for lack of subject matter jurisdiction, see Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002), neither party offered any extrinsic evidence regarding the jurisdictional issue in this case.  Thus, the distinction between treating this as a 12(b)(1) or a 12(b)(6) motion is one without a difference for purposes of the legal standard the Court applies.  Thus, the Court will accept as true all well-pleaded factual allegations in the Complaint and construe them in the light most favorable to the plaintiff.   Tonkovich v. Kansas Bd. of Regents, University of Kansas, 254 F.3d 941, 943 (10th Cir. 2001).  However, the Court need not accept as true allegations which state legal conclusions rather than plead material facts.  Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990) (citing Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957)).

II. HAS PLAINTIFF'S COMPLAINT ALLEGED FACTS FROM WHICH IT MAY BE INFERRED THAT BEE HIVE AND/OR CARE HIVE ARE STATE ACTORS ACTING UNDER COLOR OF STATE LAW?

There are two elements to a Section 1983 claim.  First, a plaintiff must show that she has been deprived of a right secured by the Constitution and the laws of the United States.  42 U.S.C. § 1983; Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 930 (1982) (citing Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  Second, she must show that the defendants deprived her of this right while acting under color of state law.  Id.  For the first element, Plaintiff here alleges that Defendants violated her First Amendment rights.  Among the rights protected by the First Amendment are the right of free association and freedom of speech.  The First Amendment

3

itself protects these rights from infringement by the United States, and it is applied to the states through the Fourteenth Amendment. Thornhill v. Alabama, 310 U.S. 88 (1940). Thus, in alleging a violation of her First Amendment rights under Section 1983, Plaintiff is alleging a violation of the Fourteenth Amendment. An element of any claim under the Fourteenth Amendment is state action. Pino v. Higgs, 75 F.3d 1461, 1464 (10th Cir. 1996) (citing United States v. Jacobsen, 466 U.S. 109, 113 (1984)).

The state action requirement of the Fourteenth Amendment and the "under color of state law" element of the Section 1983 claim are similar and overlapping, but denote two separate areas of inquiry. Pino, 75 F.3d at 1464. However, if the state action element is met, the statutory requirement of action under color of state law is also satisfied. Lugar, 457 U.S. at 935 n. 18; Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995).

The state action requirement of the Fourteenth Amendment forbids the government, and the government alone, from engaging in certain activities. Gilmore v. Salt Lake Community Action Program, 710 F.2d 632, 635 (10th Cir. 1983) (citing Lugar, 457 U.S. at 936). "The Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). However, governmental power can be exercised in the absence of an official presence, and the conduct of an otherwise private entity or person is sometimes to be treated as state action. Brentwood Academy v. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 288, 295 (2001). The state action requirement reflects judicial recognition of the obligation to "preserve an area of individual freedom by limiting the reach of federal law and avoid the imposition of responsibility on a State for conduct it could not control." Id. at 295; See also Lugar, 457 U.S. at 936-37. Thus, to meet the state action

requirement of the Fourteenth Amendment, the conduct allegedly causing a deprivation of a federal right must be fairly attributable to the state. Lugar, 457 U.S. at 937. "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy, 531 U.S. at 295.

The Supreme Court has developed a two-part test for the question of fair attribution. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or a rule of conduct imposed by the state or by a person for whom the state is responsible." Lugar, 457 U.S. at 937. "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." Id. In Lugar, the Court characterized the first part of the approach as a requirement that the deprivation be associated with a governmental decision and the second part of the approach as an inquiry into the character of the defendant as a state actor. Id.; Gilmore 710 F.3d at 637. Both parts of the test must be satisfied in order to find that otherwise apparently private conduct is fairly attributable to the state. While a private entity or person might be found to be a state actor, the conduct in question will not be found to be fairly attributable to the state if it does not amount to a deprivation that is the result of a governmental decision.

Taking the second part of the two-part test first, in order to determine whether a private person or entity is a state actor, the Supreme Court has articulated several different factors or tests. The "public function" test asks whether the actor is performing a traditional governmental function and is based on the principal that a state cannot avoid constitutional responsibilities by delegating a public function to private parties. Georgia v. McCollum, 505 U.S. 42, 51-53,

5

(1992).  The "nexus test" inquires whether there is a sufficiently close relationship between the state and the challenged action such that the action should be attributed to the state.  Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974).  The "state compulsion" test asks whether the challenged activity was the result of the State's exercise of coercive power or the State's significant encouragement.  Brentwood Academy, 531 U.S. at 296.  The "joint action" test applies when a nominally private entity operates as a willful participant in joint activity with the State or its agents.  Lugar, 457 U.S. at 941.  Finally, the "symbiotic relationship" test asks whether a state has deeply insinuated itself into a position of interdependence with a private entity; whether the entity has become entwined with governmental policies, or whether the government has become so entwined with the management or control of the private entity that the government and the private entity must be recognized as joint participants in the challenged activity.  Brentwood Academy, 531 U.S. at 296; Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1451 (10th Cir. 1995) (citing Moose Lodge No. 107 v. Irvis, 407 U.S. 163 (1972)).

      Plaintiff has alleged that services provided by Care Hive and Bee Hive are funded in part by Medicare and Medicaid.  She alleges that the state and federal government delegated to Care Hive the responsibility to provide health care services and this was a delegation of the public functions of government.  She alleges that there was a comprehensive legal framework by which Care Hive and Bee Hive are regulated with regard to the services they provide.

      Government funding and regulation, without more, is insufficient to establish that a private person or entity is a state actor.  Rendell-Baker v. Kohn, 457 U.S. 830 (1982).  Thus, Plaintiff's allegation that Bee Hive and Care Hive receive both state and federal funding and are subject to government regulation will not support a claim under the Fourteenth Amendment and Section

6

1983.

Plaintiff's allegation that the government delegated a public function of government to Care Hive and Bee Hive is a conclusory legal allegation rather than a factual allegation. The factual allegation is that the state and federal governments provide funds through Medicaid and Medicare to Defendants for providing assisted living services and health care services including, but not limited to, the distribution of medication to residents. While the state and federal government may fund these services, this can hardly be characterized as a delegation of responsibility. Neither the provision of assisted living services, nor the health care services provided to assisted living residents such as the distribution of medications are traditional governmental functions. Accordingly, these allegation do not support a claim against these Defendants under the Fourteenth Amendment and Section 1983.

Plaintiff's Complaint fails to allege facts from which it may be inferred that any Defendant is a state actor acting under color of state law. Accordingly, Plaintiff fails to state a claim for First Amendment retaliation in violation of the 42 U.S.C. § 1983 and the Fourteenth Amendment. However, even if Plaintiff had alleged sufficient facts for the Court to infer that Defendants are state actors to the extent they provide health care services, this would only satisfy the second part of the Lugar two-part test. The first part of the Lugar test requires that the alleged deprivation be associated with a governmental decision. In cases addressing private entities as state actors, courts have routinely inquired whether an entity should be considered a state actor with regard to a particular action or specific course of conduct. See Brentwood Academy, 531 U.S. 288; Jackson, 419 U.S. 345. Thus, even if Bee Hive and Care Hive might be state actors for purposes of providing health care because of the public funding and regulation of that aspect of their

7

business, they must be state actors for purposes of the alleged wrongful conduct taken with respect to Plaintiff in order for Plaintiff's First Amendment retaliation claim to lie.

According to the allegations in Plaintiff's Complaint, her First Amendment retaliation claim arises from her employment.  While she alleges that Care Hive's decision to terminate her was the result of her concerns regarding health care services, her claim does not arise from any conduct or action connected to providing health care services.  Rather it arises from conduct by Defendants as her employers and employment supervisors.  None of the facts alleged by Plaintiff would give rise to an inference that any Defendant's decision as an employer or supervisor would be a governmental decision.  Accordingly, her Complaint fails to allege facts from which it can be inferred that Defendants' conduct in retaliating against her for expressing her concerns is state action, and Plaintiff's Complaint fails to state a claim against any Defendant under the Fourteenth Amendment and Section 1983 for a violation of her First Amendment rights.  Plaintiff's First Amendment retaliation claim will accordingly be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

A dismissal pursuant to Fed. R. Civ. P. 12(b0(6) for failure to state a claim is generally a dismissal with prejudice.  <u>Sheldon v. Vermonty</u>, 269 F.3d 1202, 1207 (10th Cir.2001).  However, Plaintiff's failure to state a First Amendment claim based on a failure to allege state action is actually a failure to invoke this Court's subject matter jurisdiction.  Accordingly, Plaintiff's First Amendment retaliation claim will be dismissed without prejudice.

III.    PLAINTIFF'S SUPPLEMENTAL STATE LAW CLAIMS

This Court's supplemental jurisdiction over Plaintiff's state law claims requires that it have original subject matter jurisdiction.  28 U.S.C. § 1367(a).  Based on this Court's determination that it does not have subject matter jurisdiction over Plaintiff's First Amendment claim, this Court

does not have supplemental jurisdiction over Plaintiff's state law claims, and they are accordingly dismissed without prejudice for lack of subject matter jurisdiction.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 19) is hereby GRANTED and Plaintiff's Complaint and cause of action are hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE